IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Abdel-Ghaffar,

Plaintiff(s),

v.

Illinois Tool Works, Inc.,

Defendant(s).

Case No. 12-cv-05812
Judge Jeffrey T. Gilbert

## ORDER

Kamron Memon's Motion to Withdraw [91] is denied without prejudice. The motion hearing noticed for 8/19/14 is stricken with no appearance necessary. Plaintiff's counsel promptly shall provide a copy of this order to Plaintiff. See Statement below for further details.

## STATEMENT

Counsel bears the burden of showing he or she should be allowed to withdraw as the attorney of record for a client. *Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir. 1995); *Woodall v. The Drake Hotel,* 913 F.2d 447, 449 (7th Cir. 1990); *Smith v. City of Milwaukee*, 2012 WL 3240339 (E.D. Wis. Aug. 7, 2012). An attorney seeking leave to withdraw as counsel of record must establish either that his client consents or that a valid and compelling reason exists to allow the court to grant the motion over an objection. *Id.*

Counsel avers in his motion only that "[i]reconcilable differences have developed between Plaintiff and Kamron Memon." [DE#91 at 1.] This is the sort of boilerplate recitation that has been held to be insufficient to support a lawyer's motion to withdraw from representing a client he previously agreed to represent, and has been actively representing, in a pending case. *See, e.g., Smith v. City of Milwaukee*, 2012 WL 3240339*1.

The Court cannot discern from counsel's motion to withdraw, for example, whether Plaintiff consents or objects to the motion. If Plaintiff objects to the motion, the Court cannot determine from counsel's vague reference to "irreconcilable differences" whether a valid and compelling reason exists to allow him to withdraw from the case over any objection. The Court also cannot tell from counsel's motion whether he informed Plaintiff that he was going to seek leave to withdraw as his counsel before he filed the motion. The Court does note that counsel's notice of motion [92] appears to have been sent to an email address associated with Plaintiff's name or at least his initials, but that does not answer the question whether counsel communicated to his client his intent to seek to withdraw before he filed the motion.

Accordingly, for these reasons, Kamron Memon's Motion to Withdraw [91] is denied without prejudice. If and to the extent counsel can cure the deficiencies in his motion noted in this order, the Court will consider any amended motion to withdraw counsel may file. Plaintiff's counsel promptly shall provide a copy of this order to Plaintiff.

It is so ordered.

Date: 8/15/2014

Magistrate Judge Jeffrey T. Gilbert