IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Hisham Abdel-Ghaffar,

Plaintiff(s),

v.

Illinois Tool Works, Inc.,

Defendant(s).

Case No. 12-cv-05812
Judge Jeffrey T. Gilbert

## ORDER

Plaintiff's request in his Status Report filed on 11/1/14 [103] that Defendant produce all non-privileged inventorship documents and revise its privilege log to identify any documents relating to inventorship that are being withheld is denied. Plaintiff's request for sanctions also is denied. See Statement below for further details.

## STATEMENT

In the Status Report on Discovery [103] filed on 11/1/14, Plaintiff Hisham Abdel-Ghaffar stated he still is looking for Defendant Illinois Tool Works, Inc. to produce documents relating to the so-called patent "inventorship" issue that Plaintiff initially sought from Defendant in his Request for Production ("RFP") No.11. The so-called "inventorship" issue arises from Plaintiff's allegation that Defendant denied him an inventor's award for a patent that Defendant obtained based, according to Plaintiff, on work that Plaintiff and others did while Plaintiff was employed by Defendant. Plaintiff also alleges that his name was excluded from the list of people named as co-inventors on the patent after he was terminated, allegedly for unlawful reasons. Amended Complaint [DE#20] at ¶¶ 46, 48.

This is not a new issue to the Court. In fact, this is the third time Plaintiff has raised issues with Defendant's production of documents in response to RFP No. 11. In his Status Report [103], Plaintiff again requested that Defendant obtain all documents relating to inventorship of the patent in question, revise its privilege log to identify documents relating to inventorship that are being withheld, and produce all non-privileged inventorship documents. After the status hearing on 11/4/14 [DE#106], Defendant, as the Court requested, submitted its amended privilege log for in camera review. The Court also received multiple letters from both Plaintiff and counsel for Defendant ITW relating to this issue. There is no motion presently pending before the Court.

The Court has reviewed the docket, the parties' correspondence and Defendant's privilege log. The Court also listened to the audio recording of the court hearing held on 11/18/13 on Plaintiff's first Motion to Compel [DE#46] in which Plaintiff first took issue with Defendant's response to RFP No. 11 and reviewed Plaintiff's previously filed second Motion to Compel on this issue and the Court's ruling on that Motion on May 12, 2014. [DE##73, 82]. On the present

record, based on the Court's review of the materials referenced above, the Court cannot say that Defendant is obligated to do anything more than it already has done in responding to Plaintiff's RFP No. 11.

As a side note, the Court disagrees with the parties' characterization that it ordered Defendant to produce the patent docket and documents relating to inventorship at the 11/18/13 hearing. Based on the Court's review of the audio recording of that hearing, the Court held that Plaintiff's RFP No. 11 was overbroad and sought information that largely was not relevant to Plaintiff's claims in this litigation. The Court ordered Plaintiff (then represented by counsel) to narrow RFP No. 11, if he wanted to do so, and suggested that the parties meet and confer about which documents Defendant would be willing to search for and produce, without objection, based on the discussion held on the record during that hearing. Based on the parties' correspondence, it appears that they agreed that Defendant would produce documents relating to ITW's filing of U.S. Patent Application Publication Number 2012/0085741 and the people who should be named as co-inventors of that patent. Defendant states that it has produced all responsive, non-privileged documents sought by RFP. No. 11 as narrowed by Plaintiff. See Order entered on May 12, 2104 [DE#82] ("Plaintiff appears to be seeking documents relating to Defendant's decision to name certain individuals, but not Plaintiff, as co-inventors for a patent. Defendant says that it has produced all responsive, non-privileged documents. Defendant also produced a log listing documents as privileged. On the present record, the Court cannot say that Defendant is obligated to produce additional documents.")

Defendant also has represented to the Court and Plaintiff that none of the documents listed on its privilege log contain information about who should be named as an inventor on the patent, and that it did not identify as privileged or produce any documents fitting this description because it did not locate any in its search for responsive documents. Plaintiff has not convinced this Court that he has anything more than pure speculation that such documents exist.

Accordingly, Plaintiff's pursuit of so-called "inventorship" documents appears to have run its course. Defendant is not required to do anything more. The one remaining issue is Plaintiff's request, in one of his letters addressed to the Court, for sanctions as a result of Defendant's failure to produce the so-called "inventorship" documents. For the reasons discussed above, there are no grounds for the imposition of sanctions on this record. The Court reminds Plaintiff that if he seeks relief from the Court in the future, he should file a motion on the CM-ECF system and notice it for presentment to the Court. A status report is not the appropriate vehicle through which a party should seek to compel production of additional documents. In addition, a request for sanctions set forth in correspondence to the Court that is not filed on the CM-ECF system also is not a proper avenue seeking relief.

Because of the substantive nature of the correspondence the parties have submitted to the Court on these issues, and given that this order resolves the issues discussed in that correspondence, the Court is going to docket all of the parties' letters (but not Defendant's privilege log) on the CM-ECF system. Moreover, this exercise has convinced the Court that it should not invite in camera submissions in this case because they spiral out of hand. The Court never intended to spark the letter writing campaign that resulted from its simple request that Defendant submit for in camera review its privilege log and Plaintiff's letter of October 23, 2014. Going forward, the parties should not submit any correspondence to the Court that is not first filed on the CM-ECF system absent an express order of the Court allowing them to do so.

It is so ordered.

Date: 11/24/2014

_____
Magistrate Judge Jeffrey T. Gilbert