IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Hisham Abdel-Ghaffar, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 12-cv-5812 |
| v. | ) | |
| | ) | Magistrate Judge |
| Illinois Tool Works, Inc. | ) | Jeffrey T. Gilbert |
| | ) | |
| Defendant, | ) | |

## ORDER

Plaintiff's Joint Motion to Amend or Add Findings and to Alter or Amend Judgment [ECF No. 178] is denied. Plaintiff's Motion To File Brief In Excess Of 15 Pages [ECF No. 179] is granted. The motion hearings noticed for 10/1/15 on these Motions [ECF Nos. 180, 181] are stricken. See Statement below for further details.

## STATEMENT

Plaintiff Hisham Abdel-Ghaffar has filed a Joint Motion to Amend or Add Findings and to Alter or Amend Judgment [ECF No. 178] pursuant to Rule 52(b) and Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Motion is denied.

As a threshold matter, Rule 52 of the Federal Rules of Civil Procedure governs matters "tried on the facts without a jury or with an advisory jury" in which the court makes findings of facts and states its conclusions of law. FED. R. CIV. P. 52(a); *see also M.P. Kenes, Inc. v. Technicote, Inc.*, 1993 WL 488420, at *2 (N.D. Ill. Nov. 24, 1993). That is not what happened in this case; the Court did not hold a bench trial nor make any factual findings or state any conclusions of law. Here, Defendant ITW filed a Motion for Summary Judgment [ECF No. 115], and the Court issued a Memorandum Opinion and Order [ECF No. 176] granting that Motion. Rule 52(b), therefore, is not the proper procedural vehicle by which Abdel-Ghaffar can seek reconsideration of the Court's decision. Accordingly, Abdel-Ghaffar's Motion to Amend or Add Findings pursuant to Rule 52(b) is denied.[1]

---

[1] The Court, however, recognizes that the underlying purpose of motions bought under either Rule 52(b) or Rule 59(e) is similar. *See United States ex rel. Russo v. Att'y Gen. of Ill.*, 780 F.2d 712, 715 n. 4 (7th Cir. 1986) ("Rule 52(b) and Rule 59 motions may not be used to relitigate issues or to present the party's case under a new legal theory; rather these motions are intended to correct manifest errors of law or fact or to present newly-discovered evidence.").

Abdel-Ghaffar also has moved to alter or amend judgment entered in this case pursuant to Rule 59(e). The purpose of motion to alter or amend judgment under Rule 59(e) motion is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174 91989). A Rule 59(e) motion may be used to bring to the Court's attention "a manifest error or law, or newly discovered evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). A motion to reconsider pursuant to Rule 59(e) should be granted only in rare circumstances. *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). A party moving for reconsideration pursuant to Rule 59(e) bears the heavy burden of establishing that the court should reverse its prior judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A Rule 59(e) motion for reconsideration is not an appropriate vehicle for re-litigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Id.*; *see also Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A court's ruling is not a "mere first draft[], subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" that (1) the court committed a manifest error of law or fact, or (2) newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party." *Id.* The decision to grant a Rule 59(e) motion to reconsider lies in the sound discretion of this Court, and its ruling will only be disturbed upon a showing that the Court abused its discretion. *Scott*, 948 F. Supp. 2d at 865 (citing *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

Abdel-Ghaffar seeks Rule 59(e) relief arguing that the Court committed manifest errors of law and fact by: (1) striking his responses to ITW's Local Rule 56.1(a)(3) statement; (2) ignoring the evidence he presented to establish a prima facie case of discrimination; (3) not considering alleged credibility problems with ITW's witnesses; (4) ignoring his evidence on similarly situated comparators in support of his prima facie case of discrimination; (6) ignoring evidence which supported his pretext arguments and (7) ignoring or striking his memorandum of law. [ECF No. 178], at 3. Abdel-Ghaffar unsurprisingly does not agree with the Court's decision granting summary judgment to ITW. However, he has raised no new arguments, presented no new facts and has not cited any new law in support of his Motion to Amend [ECF No. 178]. Abdel-Ghaffar fails to meet his burden.

Abdel-Ghaffar has not demonstrated that the Court committed a manifest error of law. Contrary to Abdel-Ghaffar's argument, the Court did not use the "pretext plus" approach in analyzing or granting ITW's Motion For Summary Judgment [ECF No. 178], at 4. The Court simply outlined the current state of Seventh Circuit precedent in its Memorandum Opinion and Order. *See* Memorandum Opinion and Order [ECF No. 176], at 19 n. 3. For ease, the Court will repeat it here. In *Perez v. Thorntons, Inc.*, 731 F.3d 699 (7th Cir. 2013), one panel of judges in the Seventh Circuit questioned whether the test used to determine whether a plaintiff has established

a prima facie case of discrimination should be modified, and that panel decided to "recognize and join the majority of active judges in this circuit who have opined that the time has come to jettison the 'ossified direct/indirect [*McDonnell Douglas*] paradigm' in favor of a simple analysis of whether a reasonable jury could infer prohibited discrimination." 731 F.3d at 703. The Seventh Circuit subsequently stated that while the approach in *Perez* is being considered, "the Court has continued to look at the factors embodied in the traditional tests to determine whether plaintiff has succeeded in creating a genuine issue of material fact." *Chaib v. Indiana*, 2014 WL 685274, at *4 (7th Cir. Feb. 24, 2014).

As of now, the *McDonnell Douglas* test remains the controlling standard in the Seventh Circuit, and this Court clearly analyzed Abdel-Ghaffar's claims of discrimination under both a direct and indirect method of proof while also considering whether a reasonable jury could infer prohibited discrimination from the conduct identified. This Court concluded that Abdel-Ghaffar did not establish a prima facie case of discrimination under either the direct or indirect method. Giving Abdel-Ghaffar the benefit of the doubt, the Court also assumed arguendo that even if he could establish a prima facie case, the Court also determined that no reasonable jury would infer discrimination or pretext from the conduct identified and, accordingly, granted ITW's Motion for Summary Judgment as a matter of law. In his motion to reconsider, Abdel-Ghaffar has failed to demonstrate that this Court committed any manifest errors of law.

Abdel-Ghaffar also argues that the Court erred in striking his responses to ITW's Local 56.1(a)(3) statement. However, Abdel-Ghaffar fails to identify any manifest error of law in the Court's decision to strike his responses. Putting aside for a moment that Abdel-Ghaffar did not comply with Local Rule 56.1(b)(3) and that the Court in its discretion strictly enforced compliance with the Court's Local Rules, Abdel-Ghaffar seems to misunderstand what the Court is obligated to do when deciding a motion for summary judgment. As the Court explained in its Memorandum Opinion and Order [ECF No. 176], it simply is not a court's job to sift through the record generally to determine whether there is sufficient evidence to support a party's claim. *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Judges are not "like pigs, hunting for truffles buried in briefs" or the underlying record. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)). Under Rule 56 and Local Rule 56.1, the moving party submits its Local Rule 56.1 statement of facts to which the non-moving party responds. Each party is required to cite to the underlying record to support the fact and/or the denial of the fact. It is based on these facts and responses thereto that the Court makes its determination as to whether there is any genuine issue of material fact that would require the denial of the motion for summary judgment. The Court is not required to sift through voluminous materials in an attempt to find support for a party's underlying argument.

Like in his memorandum of law in opposition to ITW's Motion for Summary Judgment, Abdel-Ghaffar again points generally to evidence that he argues supports his position. That evidence was not properly submitted to the Court for its consideration. Abdel-Ghaffar also argues that the Court ignored or struck his memorandum of law in opposition to ITW's Motion for Summary Judgment. That argument has no basis in law or fact. Abdel-Ghaffar is mistaken. The Court

simply was not persuaded by his arguments and the evidence he submitted in support of his arguments, but that does not mean that the Court ignored his arguments or struck his brief.

The remaining arguments identified by Abdel-Ghaffar fall under the category of attempts to re-litigate and re-hash the arguments he previously raised in his opposition to ITW's Motion for Summary Judgment, including: ignoring the evidence he presented to establish a prima facie case of discrimination; not considering alleged credibility problems with ITW's witnesses; ignoring his evidence on similarly situated comparators in support of his prima facie case of discrimination; and ignoring evidence which supported his pretext arguments. Abdel-Ghaffar attempts to reargue the evidence previously submitted in an attempt to convince the Court that it was mistaken. This is not appropriate in a Rule 59(e) motion to reconsider. Abdel-Ghaffar does not get a second bite at the apple to attempt to persuade the Court that it was wrong for all the same reasons the Court previously rejected.

In conclusion, Abdel-Ghaffar has failed to meet his burden of establishing that the Court has committed any manifest error of law in its decision. His motion consists of arguments that were made and previously rejected by this Court. Nor has Abdel-Ghaffar presented any newly discovered evidence that would preclude granting summary judgment to ITW. The Court, therefore, has no grounds on which to reconsider its previous decision. Accordingly, for the reasons stated herein, Abdel-Ghaffar's Joint Motion to Amend or Add Findings and to Alter or Amend Judgment [ECF No. 178] is denied.

It is so ordered.

Date: 9/28/15

Magistrate Judge Jeffrey T. Gilbert