**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HISHAM ABDEL-GHAFFAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 1:12-cv-05812 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| **ILLINOIS TOOL WORKS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment [ECF No. 225] is denied. See Statement below for further details.

## STATEMENT

On August 24, 2015, the Court granted summary judgment in favor of Defendant Illinois Tool Works, Inc., on all claims asserted against Defendant by Plaintiff Hisham Abdel-Ghaffar for employment discrimination. [ECF No. 176.] At the end of its lengthy Memorandum Opinion and Order, the Court directed the Clerk to enter final judgment in favor of Defendant and against Plaintiff, and it stated its order granting summary judgment in this manner was final and appealable. *Id.* at 25. Plaintiff did not agree with the Court's ruling and he filed a motion to alter or amend that judgment, which will be referred to as "the First Motion" (for reasons that shall become clear in a moment). [ECF No. 178.] The Court denied the First Motion. [ECF No. 186.] On the same day, the Court realized that it should not have directed that final judgment be entered or said that its order granting Defendant's motion for summary judgment was final and appealable because Defendant still had pending a counterclaim against Plaintiff and it had not moved for summary judgment on that claim. The Court issued an Amended Memorandum Opinion and Order that deleted the "final judgment" and "final and appealable" language from its original ruling. [ECF No. 188.] In all other respects, the Court's ruling on Defendant's motion for summary judgment remained the same. The Court will refer to the Amended Memorandum Opinion and Order as "the Summary Judgment Ruling."

Defendant then moved for summary judgment on its counterclaim [ECF No. 190] and the parties briefed that motion. The Court denied Defendant's motion for summary judgment on its counterclaim on June 20, 2016. [ECF No. 220.] The Court will refer to that ruling as "the Counterclaim Summary Judgment Ruling" for short. Rather than proceed to trial on its counterclaim, Defendant moved to voluntarily dismiss it, and the Court granted Defendant's motion on July 1, 2016, with prejudice, thus resolving all of the claims in this case. [ECF No. 223.] The Court's order of July 1, 2016, entered final judgment in Defendant's favor and against

Plaintiff on Plaintiff's underlying discrimination claims and indicated that was a final and appealable order.

On the 27th day after that order was entered, Plaintiff filed the Motion to Alter or Amend Judgment that is now before the Court. [ECF No. 225.] That motion seeks to alter or amend only the Summary Judgment Ruling, so the Court will call it "the Second Motion."

I.

As an initial matter, Defendant argues that the Second Motion is not timely. Defendant contends that the clock for a motion under Federal Rule of Civil Procedure 59(e) began to run when the Court issued the Summary Judgment Ruling because that is the judgment that Plaintiff now is seeking to amend or alter.

Federal Rule of Civil Procedure 54 defines "judgment," as used throughout the Federal Rules of Civil Procedure, to include "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). Unless a court directs entry of final judgment when it adjudicates fewer than all the claims or rights of the parties, such an order can be revised at any time before the entry of a judgment that does adjudicate all the claims and all the rights of the parties. *See Bonner v. O'Toole*, 2015 WL 7251932, at *3 (N.D. Ill. Nov. 17, 2015). In this case, the Court's ruling in favor of Defendant with respect to Plaintiff's Title VII claims was not appealable until the resolution of Defendant's counterclaim and the entry of final judgment, both of which occurred on July 1, 2016. After that date, Plaintiff had 28 days to file the present motion. *See* FED. R. CIV. P. 59(e). He beat that deadline by one day. Thus, his motion was timely.

II.

Federal Rule of Civil Procedure 59(e) provides an "extraordinary remed[y]" that is "reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 521 (7th Cir. 2015). It only permits relief where the movant "can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A motion to alter or amend under Ruled 59(e) cannot be used "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014) (quoting *Fannon v. Guidant Corp.*, 583 F.3d 995, 1003 (7th Cir. 2009)). And such a motion cannot be "used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

A.

The vast majority of Plaintiff's arguments in support of the Second Motion—indeed, all but one of them—run afoul of these clear guidelines. Plaintiff asserts several arguments that he has unsuccessfully raised multiple times in the past. He also presents one new argument that he could have raised but did not in the First Motion.

As an initial matter, Plaintiff says that he "is fully incorporating . . . by reference" the First Motion into the Second Motion. [ECF No. 225, at 1.] The Court already has ruled on and denied that motion. [ECF No. 186.] This general "reincorporation" therefore is meaningless.

Plaintiff first argues that the Court improperly adjudicated performance and pretext matters in the context of the Summary Judgment Ruling. [ECF No. 225, at 5.] This contention is based in part on the premise that Defendant obstructed Plaintiff's attempts to do his job and manufactured pretextual reasons to justify its discriminatory treatment of Plaintiff. *Id.* at 8-9.[1] This is an argument that Plaintiff previously asserted and the Court previously rejected. [ECF No. 186, at 2, 4.] Plaintiff has not presented any reason that merits revisiting this issue.

Plaintiff further argues that the Court erred in "adjudicating the impact of witness credibility on [the] discrimination pretext analysis." [ECF No. 225, at 9-10.] Plaintiff contends that, when opposing Defendant's motion for summary judgment on his claims, he "submitted . . . objective evidence" that shows the declarations submitted by Defendant were "inherently improbable," "contradicted by known facts," contradicted by "each other," unsupported by "foundation or evidentiary support," and "outside the scope of" Defendant's Rule 26 disclosures. *Id.* at 9.

Plaintiff raised this argument in opposing Defendant's motion for summary judgment. [ECF No. 186, at 4.] He raised this argument again in the First Motion. [ECF No. 178, at 9-20; ECF No. 186, at 2.] The Court rejected it both times. [ECF No. 186, at 4.] Plaintiff cannot rehash the same issue for a third time through the Second Motion. Moreover, the Court notes that it did not make any credibility findings with respect to Defendant's declarants in the Summary Judgment Ruling. The Court did not, and could not, "resolve issues of credibility when deciding a motion for summary judgment." *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013).

Plaintiff next argues that the Court "did not use judgment and disregarded facts in adjudicating preferential treatment of similarly situated comparators." [ECF No. 225, at 10.] Plaintiff contends that the analysis of the fourth prong of the prima facie case "cannot be made separately from the credibility issues." *Id.* This alone would negate this argument because the Court cannot make credibility findings at the summary judgment stage. Regardless, Plaintiff

---

[1] Plaintiff also asserts in a footnote that the Court "imported" five paragraphs in the Summary Judgment Ruling from Defendant's briefs. [ECF No. 225, at 7 n.2.] No reasonable reader who reviews the relevant portion of the briefs and the opinion would come to the same conclusion.

3

asserted this same contention when opposing summary judgment and in the First Motion. [ECF No. 178, at 20-21; ECF No. 186, at 2, 4.] The Court rejected it both times [ECF No. 186, at 4] and Plaintiff cannot rehash it through the Second Motion.

Plaintiff also argues that the Court "disregarded facts on discrimination pretext." [ECF No. 225, at 11.] Plaintiff asserts that the record before the Court at summary judgment showed, in his mind, that he was not fired for a nondiscriminatory reason. *Id.* at 11-13. This again is an argument that Plaintiff raised when opposing summary judgment and in the First Motion. [ECF No. 178, at 5-9; ECF No. 186, at 2, 4.] And, again, the Court rejected the argument both times. [ECF No. 186, at 4.] Therefore, the argument is not the proper subject of a Rule 59(e) motion.

Plaintiff's final repetitious argument is that the Court improperly ignored and misinterpreted evidence that he submitted to prove discrimination through the direct method of proof. [ECF No. 225, at 13-14.] Plaintiff identified this same supposed flaw when opposing summary judgment and in the First Motion. [ECF No. 178, at 22-23; ECF No. 186, at 2, 4.] As with each of the above arguments, the Court rejected it both times and need not address the issue again. [ECF No. 186, at 4.]

As mentioned above, Plaintiff makes one new argument in the Second Motion that could have and should have been raised before. He contends that the Court should have treated both parties' Local Rule 56.1 fact statements in the same manner, *i.e.* struck both or accepted both. [ECF No. 225, at 4.][2] There is no reason why Plaintiff could not have raised this issue in the First Motion. His failure to do so means that he waived the argument. *See Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014). Even if the Court were to reach the merits of this contention, however, the result would be the same. The Court explained in great length in the Summary Judgment Ruling why Plaintiff's fact statement was stricken. [ECF No. 188, at 3-12.] The Court did not and does not find Defendant's statement to have been so flawed as to justify the same treatment.

B.

As noted above, Plaintiff raises an additional argument in support of the Second Motion that was not raised before. And this argument could not have been raised before because it relies upon the Court's ruling on Defendant's motion for summary judgment on its counterclaim which had not occurred as of the time Plaintiff filed the First Motion. This argument, therefore, properly is raised for the first time in the Second Motion. On its merits, though, the argument is of no avail.

---

[2] Plaintiff already has unsuccessfully argued that the Court should not have stricken his Local Rule 56.1(a)(3) Statement. *See* ECF No. 186, at 2, 4.

Plaintiff argues that the Court's rulings on Defendant's two motions for summary judgment are in conflict. [ECF No. 225, at 6-8, 11-13.] That is because while the Court considered Defendant's honestly held subjective belief that Plaintiff was not meeting Defendant's legitimate job performance expectations in ruling against Plaintiff on his Title VII claim, the Court applied an objective standard in ruling that a fact dispute precluded summary judgment for Defendant as to whether Plaintiff was terminated "for cause" within the meaning of a contract (the "Payback Agreement") pursuant to which Plaintiff was obligated to repay certain expenses Defendant had advanced to him if he was fired for cause within 12 months of the date he began work. Plaintiff says that if the Court had applied the same objective standard in the context of ruling on Defendant's motion for summary judgment on his Title VII claim, Plaintiff would have prevailed and he would be entitled to take his Title VII claim to trial. But Plaintiff overlooks the fact that his Title VII claim and Defendant's contract claim are governed by different legal principles. This legal landscape requires Plaintiff to show that his employer's stated reason for termination essentially was a lie, or at least there was a material fact dispute on that question that would enable Plaintiff to get past Defendant's motion for summary judgment on the Title VII claim. But under Illinois law, which controls Defendant's contract claim, it is not enough for Defendant to show that it subjectively believed it had cause to terminate Plaintiff. To succeed on that claim, Defendant is required to show there is objective evidence that Plaintiff was terminated "for cause" and the Court held there was a material fact dispute that precluded summary judgment on that claim.

In determining whether Plaintiff was meeting his employer's legitimate job performance expectations in connection with his Title VII claim, the Court applied a subjective belief standard consistent with Seventh Circuit law. *Naik v. Boehringer Ingelheim Pharm., Inc.*, 627 F.3d 596, 601 (7th Cir. 2010). In other words, the Court looked at whether there was a legitimate dispute as to whether Plaintiff's employer, here Defendant, honestly believed that Plaintiff's job performance was unsatisfactory. The Court disagreed with Plaintiff that there was a legitimate fact dispute on that point. The Court also held that even if Plaintiff could establish a *prima facie* case of discrimination, he could not show that Defendant's proffered reason for terminating him was a pretext because his employer and his supervisor honestly believed the stated, legitimate and non-discriminatory reasons for his termination. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 697 (7th Cir. 2006); *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337-38 (7th Cir. 1991). See Amended Memorandum Opinion and Order [ECF No. 188] at 20-24. *See also Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000) ("The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered.").

In determining whether Plaintiff was fired "for cause" within the meaning of his Payback Agreement with Defendant, however, the Court applied an objective standard which also is consistent with Illinois law. *Giunta v. American Airlines, Inc.*, 1986 WL 11357, at *2 (N.D. Ill. Oct. 7, 1986) ("A condition of 'good cause' is different from a condition of 'satisfactory performance.' The former is an objective criterion, while the latter is a subjective decision.").

5

Under Illinois law, if Defendant wanted to condition its ability to recapture the relocation expenses it advanced to Plaintiff on its subjective dissatisfaction with Plaintiff's job performance, it would have had do so explicitly in its contract. *Brant Constr. Co., Inc., v. Metro. Water Reclamation Dist. of Greater Chicago*¸ 967 F.2d 244 (7th Cir. 1992).

In the Counterclaim Summary Judgment Ruling, the Court explained that a court's inquiry in employment discrimination cases "is confined to a subjective determination of whether the employer honestly believed that the employee's job performance was unsatisfactory." Memorandum Opinion and Order [ECF No. 220] at 4. The Court cited several opinions issued by the Seventh Circuit that illustrate this principle. *Id.* at 4-5. The Court then contrasted this standard with the "objective inquiry" required to determine whether Defendant was entitled to summary judgment on its contract claim against Plaintiff, which hinged on the meaning of the phrase "for cause" in the Payback Agreement. *Id.* at 5.

In his Second Motion, Plaintiff cites Title VII cases that hold a court can consider whether an employer's actions were objectively reasonable *in order to determine whether it is telling the truth about its subjective state of mind. See*, *e.g.*, *Flores v. Preferred Tech. Grp.*, 182 F.3d 512, 516 (7th Cir. 1999) ("After all, the more objectively reasonable a belief is, the more likely it will seem that the belief was honestly held."); *Giacoletto v. Amax Zinc Co.*, 954 F.2d 424, 427-28 (7th Cir. 1992) ("Although relying on subjective factors is not *per se* illegal, the jury may, under some circumstances, reasonably consider subjective reasons as pretexts for discrimination."). None of these cases stand for the proposition that the ultimate question in an employment discrimination case is one of the employer's objective reasonableness rather than its subjective intent. Courts simply do "not scrutinize[] . . . whether" an employer's reasons for firing an employee "were right or wrong." *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 324 (7th Cir. 2003), *as amended* (May 22, 2003). As the Seventh Circuit made clear in a case cited by Plaintiff, if an employer "honestly believed its reason for discharging" an employee, then the employee "cannot meet his burden" of proof. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 889 (7th Cir. 2001). That "is true even if [an employer's] reason for [an employee's] discharge was 'foolish or trivial or even baseless'; as long as [the employer] honestly believed its reason, then summary judgment for [the employer] is appropriate." *Id.* (quoting *Brill v. Lante Corp.*, 119 F.3d 1266, 1270 (7th Cir. 1997)). That means the mere fact that a defendant may have acted unreasonably does not necessarily create a genuine issue of material fact sufficient to require a trial in an employment discrimination case.

The Summary Judgment Ruling is consistent with this understanding of the law. The Court acknowledged that Plaintiff strenuously disagreed with Defendant and its employees about Plaintiff's job performance and the best way to achieve the objectives of the Miller project on which Plaintiff was working. [ECF No. 188, at 20-21.] The Court did not take a position as to which side had the better business plan or approach. *See Pagel v. TIN Inc.*, 695 F.3d 622, 630 (7th Cir. 2012) ("'[T]his court does not sit as a super-personnel department that reexamines an entity's business decisions.' We have little expertise in evaluating the merits of business and

6

personnel decisions, and we see no need to make an exception here.") (quoting *Balderston*, 328 F.3d at 324) (internal citation omitted). Instead, the Court explained that the key question was whether Plaintiff "was fired not for what [the supervisor who fired him] *honestly believed* was his poor performance, but rather, because of some discriminatory animus." [ECF No. 188, at 21] (emphasis added). The Court concluded that "the objective and undisputed evidence [was] clear that [Plaintiff's] supervisor *believed* he was not performing his job satisfactorily." *Id.* at 20 (emphasis added).

Plaintiff obviously reads the evidence differently. He argues that any reasonable person would take his side and, therefore, that an objective inquiry must prove that he was subjected to unlawful employment discrimination. In the first place, however, as explained above, the Title VII inquiry into an employer's stated reason for termination does not, strictly speaking, rest on an objective inquiry as to whether the employer is right or wrong in its assessment of an employee's job performance or its reason for firing that employee. Moreover, the Court did not read the evidence the same way as Plaintiff did. Instead, the Court found that "there [was] nothing in the record other than [Plaintiff's] unsupported, even if firmly held, speculation to suggest that [his] disputes" with Defendant and its employees about the best business decisions to make "were anything more than professional disagreements." *Id.* at 21.[3]

The Counterclaim Summary Judgment Ruling does not alter the analysis. The Court found that, based on the record before it at that time, there was a genuine issue of material fact as to whether Plaintiff's "job performance was objectively satisfactory" in the context of Defendant's claim that Plaintiff was contractually required to return to Defendant the expenses it had advanced to him. [ECF No. 220, at 6.] As the above-discussed caselaw indicates, this finding with respect to the breach of contract claim does not undermine the Court's previous ruling on the discrimination claim. Even if Plaintiff were good at his job and Defendant made a bad business decision by firing him, that would not be enough, on the record presented to the Court, to deny Defendant summary judgment on Plaintiff's Title VII employment discrimination claim. That is because summary judgment may be appropriate on such a claim even when an employer relies on "foolish or trivial or even baseless" reasons to terminate an employee. *Gordon*, 246 F.3d at 889. And, as already stated, the Court found that Plaintiff did not identify a genuine question of fact as to whether Defendant "believed he was not performing his job satisfactorily," [ECF No. 188, at 20], and that the parties' "professional disagreements," *id.* at 21, do not amount to discrimination. But if Defendant cannot show that Plaintiff's termination was based upon facts that objectively constitute "cause" for termination, whatever Defendant's honestly held subjective belief may have been in that regard, then it would not be entitled to

---

[3] Plaintiff emphasizes that the Court stated in the Counterclaim Summary Judgment Ruling that "the Court did not undertake [an objective inquiry] in adjudicating [Plaintiff's] discrimination claims." [ECF No. 220, at 5.] By this, however, the Court did not mean that the Summary Judgment Ruling accepted Defendant's assertions at face value without assessing them objectively. Instead, the Court merely was highlighting the difference between the governing legal standards.

recover from Plaintiff the expenses it advanced even though Plaintiff was fired within 12 months of the start of his employment with Defendant.

Therefore, the "conflict" that Plaintiff perceives between the Court's rulings on Defendant's two motions for summary judgment does not exist as a matter of law and does not justify the relief Plaintiff seeks in the Second Motion.

III.

Accordingly, for all of the reasons discussed above, the Court finds that Plaintiff has not shown it committed a manifest error of law nor has Plaintiff presented newly discovered evidence that would justify the relief he seeks in the Second Motion. Therefore, Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment [ECF No. 225]—the Second Motion as referred to herein—is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 1, 2016